# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY D. MEADOWS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-CV-568-GKF-TLW |
| EXPLORER PIPELINE COMPANY, a Delaware corporation, | ) |
| Defendant. | ) |
| JERRY D. MEADOWS, | ) |
| Plaintiff, | ) |
| v. | ) |
| OKLAHOMA TAX COMMISSION, an agency of the State of Oklahoma, | ) |
| and | ) Case No. 13-CV-680-GKF-TLW |
| | ) (consolidated) |
| EXPLORER PIPELINE COMPANY, a Delaware corporation, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the court is the Motion to Remand [Dkt. #12] filed by plaintiff Jerry D. Meadows ("Meadows") in Case No. 13-CV-568-GKF-TLW.

On August 12, 2013, Meadows filed suit against defendant Explorer Pipeline Company ("Explorer") in Tulsa County District Court. [Dkt. #2, Ex. A, Verified Petition]. On August 30, 2013, Explorer removed the case to federal court on the basis of federal question jurisdiction

[Dkt. #2], and on September 5, 2013, it filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [Dkt. #7].[1] Plaintiff moved to remand the case on September 24, 2013. [Dkt. #12].

## Background

Meadows is a former assistant treasurer of Explorer Pipeline. On October 21, 2002, an Information filed in this court charged him with 21 counts of wire fraud and one forfeiture count for embezzling money from Explorer. [*United States v. Meadows*, Case No. 2-CR-141-HDC, Dkt. #1]. Meadows pled guilty to three counts of wire fraud and the forfeiture count, and was sentenced to 50 months imprisonment; ordered to forfeit $2,750,000 in cash, various financial accounts, real property and vehicles; and ordered to make restitution of $4,715,359 to Explorer. [*Id.*, Dkt. ##15, 26, 29].

On November 6, 2009, Magistrate Judge Frank H. McCarthy issued a Post-Judgment Continuing Writ of Garnishment and Subpoena to Wilmington Trust Retirement and Institutional Services Company as Trustee of the Trust for the Explorer Pipeline Company Retirement Plan, requiring the Trustee to pay the proceeds of plaintiff's deferred compensation arrangements such as pension, profit-sharing, 401(k), SEP's, IRA's and similar plans, to the government. [*Id.*, Dkt. #97].

In response to the Continuing Writ of Garnishment, the Trustee paid $199,835.29 to the Clerk of this court, withholding federal income taxes, but not Oklahoma state income taxes. [Dkt. #13, Ex. 4, 2009 Form 1099-R].

---

[1] On September 24, 2013, Meadows filed a second lawsuit styled *Jerry D. Meadows v. Oklahoma Tax Commission, an Agency of the State of Oklahoma, and Explorer Pipeline Company, a Delaware corporation*, CV-2013-01144, in Tulsa County District Court. [Case No. 13-CV-680-GKF-TLW, Dkt. #2 at 7-15 (Petition for Writ of Mandamus) and Dkt. #2 at 16-23 (Amended Petition for Writ of Mandamus)]. Explorer and the Oklahoma Tax Commission removed the case to federal court on the basis of federal question jurisdiction on October 15, 2013 [Dkt. #2], and filed Motions to Dismiss pursuant to Rule 12(b)(6) on October 22, 2013. [Dkt. ##9, 11]. On October 23, Explorer filed a Motion to Consolidate the cases. [Dkt. #12]. The court granted the motion. The Motions to Dismiss filed in 13-CV-680-GKF-TLW are not yet at issue. The court will address Explorer's Motion to Dismiss in 13-CV-568 when the Motions to Dismiss filed in 13-CV-680 are ripe.

2

**Allegations of the Complaint**

In his Petition in the first state court action, Meadows asserts that while employed by Explorer, he earned a "Retirement Pension Plan amount which was payable to [him] at age 55 or thereafter per the plan document detailing calculations and distribution requirements." [Dkt. #2, Ex. A, Verified Petition, ¶6]. He alleges that in 2009 "the accumulated Pension Plan value was distributed under a garnishment order by the US Attorneys [*sic*] office in Tulsa, on behalf and to Explorer, as directed by Explorer to the Fund Administrator/Trustee, in a complete lump sum distribution, to be applied towards the amount Meadows owes to Explorer." [*Id.*, ¶7]. A Form 1099-R attached to the petition reflects a gross distribution of $199,835.29, with federal income tax withholding of $39,967.06. [*Id.*, Ex. A]. Meadows alleges that "Explorer withheld Federal Income Tax but did not withhold any Oklahoma Income Tax." [*Id.*, ¶8]. He contends he was told state income tax was "intentionally not withheld and Explorer was not required to, as compared to required federal income tax." [*Id.*, ¶9]. Further, he alleges "[t]he minimizing of taxes withheld was done deliberately so to maximize the amount Explorer would receive." [*Id.*, ¶10]. Meadows contends "[t]he non-withholding of required taxes has created an Oklahoma Income Tax Liability situation, with the required filing of the 2009 Income Tax Return to State of Oklahoma . . . to report the taxable pension distribution, of which Meadows did file and report as required." [*Id.*, ¶11]. He states he has been injured by Explorer in the amount of $12,600, plus penalties and interest, for a total of $20,002.47 as of June 25, 2013. [*Id.*, ¶12].

Additionally, Meadows alleges Explorer had a duty to withhold Oklahoma income tax under the Oklahoma Administrative Code ("OAC") 710:90-1-13, and that OAC 710:90-5-1 – 90-5-3 imposes liability and penalties on employers who fail to withhold the state tax. [*Id.*, ¶¶13,

15]. He states that he has made a Request for Letter of Determination to the Oklahoma Tax Commission regarding the applicability of OAC requirements to this situation. [*Id.*, ¶16].

Meadows states, "Irrespective of Meadows owing Explorer monies, Explorer intentionally injured Meadows by not withholding required Oklahoma income taxes, and he is entitled to recover damages, including costs and fees." [*Id.*, ¶17]. He seeks damages of $12,600 for Oklahoma income taxes due on the pension distribution, plus all penalties and interest added by the Oklahoma Tax Commission, "to be paid directly to the Oklahoma Tax Commission." [*Id.* at ¶20.a.-c.]. Additionally, he seeks an award of punitive damage of up to $10,000. [*Id.*, ¶20.d.].

On August 30, 2012, Explorer removed the case to federal court pursuant to 28 U.S.C. §§ 1331 and 1441, asserting federal courts have original, exclusive jurisdiction over breach of fiduciary duty civil actions brought under the Employee Retirement Income Security Act of 1974 ("ERISA"). [Dkt. #2].

**Burden of Proof on Motion to Remand**

"Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). As the party removing this case to federal court, Explorer bears the burden of establishing jurisdiction by a preponderance of the evidence. *Id.*

**Discussion**

In this case, Meadows contends that "[i]rrespective of Meadows owing Explorer monies, Explorer intentionally injured Meadows by not withholding required Oklahoma income taxes." Explorer, characterizing this as a common law claim for breach of fiduciary duty, contends that ERISA preempts the common law claim and confers jurisdiction of the claim on this court.

4

A claim may be brought in federal court if it "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When determining whether a claim arises under federal law, the court must "examine the 'well pleaded' allegations of the complaint and ignore potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Id.* (quotation and alteration omitted). Since plaintiff's petition did not assert any cause of action premised upon a violation of a federal statute or the Constitution, the court would not ordinarily have jurisdiction under § 1331. However, the doctrine of complete preemption provides an exception to the well-pleaded complaint rule. "When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 8.

In the Tenth Circuit, "a claim of complete preemption demands a two-part analysis: first, we ask whether the federal question at issue preempts the state law relied on by the plaintiff; and second, whether Congress intended to allow removal in such a case, as manifested by the provision of a federal cause of action." *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1205 (10th Cir. 2012) (quotations and alterations omitted). The court usually addresses the second prong of this analysis first because "only if federal law provides its own cause of action does the case raise a federal question that can be heard in federal court." *Dutcher v. Matheson*, ---F.3d ----, 2013 WL 4212362, at *3 (10th Cir. Aug. 13, 2013).

ERISA expressly states that its provisions "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. 29 U.S.C. § 1144. The Supreme Court, citing § 1144, has explained, "The purpose of ERISA is to provide a uniform

5

regulatory regime over employee benefit plans," and "[t]o this end, ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quotation omitted).

The Tenth Circuit has identified four categories of state laws that "relate to" a benefit plan for purposes of ERISA preemption: (1) laws regulating the type of benefits or terms of ERISA plans; (2) laws creating reporting, disclosure, funding or vesting requirements for such plans; (3) laws providing rules for calculating the amount of benefits to be paid under such plans; and (4) laws and common-law rules providing remedies for misconduct growing out of the administration of such plans. *Woodworker's Supply, Inc. v. Principal Mut. Life*, 170 F.3d 985, 990 (10th Cir. 1999). However, the court "recognizes that ERISA does not preempt all state law claims," and "[i]t has no bearing on those which do[] not affect the relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries and the beneficiaries' as such." *Id.* (quotations omitted).

The question for this court is whether plaintiff's claim can—as Explorer asserts—be fairly characterized as one for breach of fiduciary duty. ERISA defines a "fiduciary" as follows:

> . . . [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

ERISA imposes on fiduciaries an obligation to discharge their duties "solely in the interest of the participants and beneficiaries" using "care, skill prudence, and diligence." 29

6

U.S.C. § 1104(a).  Fiduciaries can be held liable for breaching any of the responsibilities, obligations or duties imposed on them by ERISA.  29 U.S.C. § 1109(a).  And ERISA confers on participants such as plaintiff the right to sue fiduciaries for breach of their obligations.  29 U.S.C. § 1132(a)(2).

It is unclear from the evidence before the court whether Explorer actually *is* a fiduciary under ERISA.[2]  However, the nature of the alleged wrong—that Explorer, in order to maximize its recovery against Meadows, breached a duty to withhold state income taxes—clearly falls within the realm of a fiduciary duty breach.

Applying the analysis set forth in *Devon,* the court concludes that (1) ERISA provides a cause of action for the wrong alleged by plaintiff, and (2) plaintiff's state law claim is completely preempted by 29 U.S.C. § 1144(a). Therefore, the court has jurisdiction over the state law claim.

Further, under 28 U.S.C. § 1367(a), the court has pendent jurisdiction over plaintiff's claim that Explorer violated the OAC, since both claims are based on the same alleged conduct.

## Conclusion

Explorer has met its burden of establishing jurisdiction by a preponderance of the evidence.  Therefore, plaintiff's Motion to Remand [Dkt. #12] is denied.

---

[2] According to the Summary Plan Description, Explorer is the Plan's sponsor. [Dkt. #13, Ex. 3, Summary Plan Description, p.1].  The Plan Administrator is the Retirement Plan Committee established by the Board of Directors of Explorer. [*Id.*, p. 2]. The Retirement Plan Committee consists of the President of Explorer and at least two employees of Explorer or Explorer Pipeline Services Company. [*Id.*]. The Plan Administrator has the power to take all action and make all decisions necessary or proper to carry out any question regarding the Plan, and a decision of the Plan Administrator is made in its discretion and is final and binding on all parties. [*Id.*].  Thus, the Plan Administrator meets the definition of a "fiduciary" under § 1002(21)(A)(i) and (iii).  Courts have held an employer or labor union that sponsors the plan and its directors, officers or shareholders may be fiduciaries if they exercise the requisite degree of authority or control.  *See* 2 ERISA PRACTICE AND PROCEDURE § 6.2. (citing, *inter alia*, *Freund v. Marshall & Ilsley Bank*, 485 F.Supp. 629 (W.D. Wis. 1979) (fiduciary status conferred on employer based on its discretion to select and retain plan fiduciaries) and *Bradshaw v. Jenkins*, 5 Employee Benefits Cas. (BNA) 2754 (W.D. Wash. 1984) (fiduciary status of employer established by fact that employer exercised the power to appoint and remove trustees, to amend the terms of the plan, and to establish the amount of employer contributions)). *See also Eaves v. Penn*, 587 F.2d 453, 458 (10th Cir. 1978) (holding that officer/director of company who recommended, designed and implemented amendment of the profit-sharing plan to an employee stock ownership plan acted in a fiduciary capacity under ERISA).  Thus, Explorer could potentially be a fiduciary under ERISA.

. ENTERED this 5th day of November, 2013.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8