## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY D. MEADOWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-568-GKF-TLW |
| ) | |
| EXPLORER PIPELINE COMPANY, ) | |
| a Delaware corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| JERRY D. MEADOWS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 13-CV-680-GKF-TLW |
| ) | (consolidated) |
| OKLAHOMA TAX COMMISSION, an ) | |
| agency of the State of Oklahoma, ) | |
| ) | |
| and ) | |
| ) | |
| EXPLORER PIPELINE COMPANY, ) | |
| a Delaware corporation, ) | |
| ) | |
| Defendants. ) | |

### OPINION AND ORDER

Before the court are the (1) Motion to Dismiss [Dkt. #7] filed by defendant Explorer Pipeline Company ("Explorer") in Case No. 13-CV-568-GKF-TLW; (2) Motion to Dismiss [Dkt. #11] filed by Explorer in Case No. 13-CV-680-GKF-TLW; and (3) Motion to Dismiss [Dkt. #9] filed by defendant Oklahoma Tax Commission ("OTC") in Case No. 13-CV-680-GKF-TLW.  Plaintiff Jerry D. Meadows ("Meadows") opposes the motions.  The motions all seek

dismissal based on Fed. R. Civ. P. 12(b)(6).  Additionally, the OTC, alleging plaintiff has failed to exhaust his administrative remedies, seeks dismissal under Rule 12(b)(1).

## I. Background

Meadows is a former assistant treasurer of Explorer.  In 2002, he was charged in this court with 21 counts of wire fraud and one forfeiture count for embezzling money from Explorer. [*United States v. Meadows*, Case No. 2-CR-141-HDC, Dkt. #1].  He pled guilty to three counts of wire fraud and the forfeiture count, and was sentenced to 50 months imprisonment; ordered to forfeit $2,750,000 in cash, various financial accounts, real property and vehicles; and ordered to make restitution of $4,715,359 to Explorer.  [*Id.*, Dkt. ##15, 26, 29].

On November 6, 2009, Magistrate Judge Frank H. McCarthy issued a Post-Judgment Continuing Writ of Garnishment and Subpoena to Wilmington Trust Retirement and Institutional Services Company as Trustee of the Trust of the Explorer Pipeline Company Retirement Plan, requiring the Trustee to pay the proceeds of plaintiff's deferred compensation arrangements such as pension, profit-sharing, 401(k), SEP's, IRA's and similar plans, to the government.  [*Id.*, Dkt. #97].  In response to the Continuing Writ of Garnishment, the Trustee paid $199,835.29 to the Clerk of this court, withholding federal income taxes, but not Oklahoma state income taxes. [Case No. 13-CV-568-GKF-TLW, Dkt. #13, Ex. 4, 2009 Form 1099-R].

As set forth in the court's order of November 5, 2013 [*Id.*, Dkt. #19], plaintiff sued Explorer in Tulsa County District Court, alleging Explorer wrongfully failed to withhold Oklahoma income taxes from a distribution of the accumulated value of his retirement pension. Explorer removed the case (now Case No. 13-CV-568-GKF-TLW) to federal court.  Plaintiff filed a Motion to Remand the case. The next day, he filed another lawsuit in Tulsa County District Court making similar allegations against Explorer and seeking a writ of mandamus

compelling the OTC to collect the unpaid state taxes from Explorer. It, too, was removed to federal court by defendants. [Case No. 13-CV-680-GKF-TLW, Dkt. #2]. The court consolidated the cases under the lower-numbered case [Dkt. #15, Case No. 13-CV-568-GKF-TLW] and denied the Motion to Remand. [*Id.*, Dkt. #19].

## II. Motion to Dismiss in Case No. 13-CV-568-GKF-TLW

### A. Allegations of the Petition

In his Petition in Case No. 13-CV-568-GKF-TLW, Meadows asserts that while employed by Explorer, he earned a "Retirement Pension Plan amount which was payable to [him] at age 55 or thereafter per the plan document detailing calculations and distribution requirements." [Dkt. #2, Ex. A, Verified Petition, ¶6]. He alleges that in 2009 "the accumulated Pension Plan value was distributed under a garnishment order by the US Attorneys [*sic*] office in Tulsa, on behalf and to Explorer, as directed by Explorer to the Fund Administrator/Trustee, in a complete lump sum distribution, to be applied towards the amount Meadows owes to Explorer." [*Id.*, ¶7]. A Form 1099-R attached to the petition reflects a gross distribution of $199,835.29, with federal income tax withholding of $39,967.06. [*Id.*, Ex. A]. Meadows alleges that "Explorer withheld Federal Income Tax but did not withhold any Oklahoma Income Tax." [*Id.*, ¶8]. He contends he was told state income tax was "intentionally not withheld and Explorer was not required to, as compared to required federal income tax." [*Id.*, ¶9]. Further, he alleges "[t]he minimizing of taxes withheld was done deliberately so [as] to maximize the amount Explorer would receive." [*Id.,* ¶10]. Meadows contends "[t]he non-withholding of required taxes has created an Oklahoma Income Tax Liability situation, with the required filing of the 2009 Income Tax Return to State of Oklahoma . . . to report the taxable pension distribution, of which Meadows did file and report as required." [*Id.*, ¶11]. He states he has been injured by Explorer in the

3

amount of $12,600, plus penalties and interest, for a total of $20,002.47 as of June 25, 2013. [*Id.*, ¶12].

Additionally, Meadows alleges Explorer had a duty to withhold Oklahoma income tax under the Oklahoma Administrative Code ("OAC") 710:90-1-13, and that OAC 710:90-5-1 through 90-5-3 imposes liability and penalties on employers who fail to withhold the state tax. [*Id.*, ¶¶13, 15]. He states that he has made a Request for Letter of Determination to the Oklahoma Tax Commission regarding the applicability of the cited OAC requirements to this situation. [*Id.*, ¶16].

Meadows states, "Irrespective of Meadows owing Explorer monies, Explorer intentionally injured Meadows by not withholding required Oklahoma income taxes, and he is entitled to recover damages, including costs and fees." [*Id.*, ¶17]. He seeks damages of $12,600 for Oklahoma income taxes due on the pension distribution, plus all penalties and interest added by the Oklahoma Tax Commission, "to be paid by Explorer directly to the Oklahoma Tax Commission." [*Id.* at ¶20.a.-c.]. Additionally, he seeks costs and an award of punitive damages of up to $10,000. [*Id.*, ¶20.d.].

### B. Rule 12(b)(6) Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007), ruling that to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

4

*v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545 (internal quotations omitted).  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555.  Under the *Twombly* standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Id.* (citing *Twombly*, 127 S.Ct. at 1965) (internal quotations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The Tenth Circuit Court of Appeals has interpreted *Twombly* as a middle ground between "heightened fact pleading," which is expressly rejected, and allowing complaints that are no more than "labels and conclusions," which courts should not allow. *Id.* (citing *Twombly*, 127 S.Ct. at 1964, 1965, 1974).  Accepting the allegations as true, they must establish that the plaintiff plausibly, not just speculatively, has a claim for relief. *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.  The Tenth Circuit Court of Appeals instructed in *Robbins* that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context . . . [and] the type

5

of case." *Id*. (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 231-32 (3d Cir. 2008)).  A simple negligence action may require significantly fewer allegations to state a claim under Rule 8 than a case alleging antitrust violations (as in *Twombly*) or constitutional violations (as in *Robbins*).  *Id*.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 997 (2002).  The issue on a 12(b)(6) motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.*  The notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Id.*

### C. Discussion

Plaintiff's petition alleges (1) Explorer is liable to him under the Oklahoma Tax Code and regulations for failing to withhold state taxes from the pension distribution; and (2) Explorer intentionally injured him by failing to withhold Oklahoma income taxes and he is entitled "to recover damages, including costs and fees" for Explorer's "intentional tortious actions."

#### 1. Alleged Violation of Oklahoma Tax Law

Under the Oklahoma Tax Code ("Tax Code"), employers are required to withhold state taxes owed by employees from their wages, and to "pay over the amount so withheld as taxes to the Oklahoma Tax Commission."  68 Okla. Stat. §§ 2385.2(A), 2385.3(A).  Any employer who fails to withhold or pay to the OTC any such sums "shall be personally and individually liable therefor *to the State of Oklahoma*."  68 Okla. Stat. § 2385.3(E) (emphasis added).  Likewise, under the Oklahoma Administrative Code, "[a]ny employer who is under a duty to withhold and

remit Oklahoma Withholding Taxes shall be personally and individually liable for the failure to withhold or pay to the Commission any sums required." OAC 710:90-5-3.

However, neither the Tax Code nor implementing regulations contain *any* provision conferring a private right of action by an employee against an employer to enforce an employer's withholding obligations. Therefore, Meadows has no cognizable claim against Explorer under Oklahoma's income tax laws.

### 2. Breach of Fiduciary Duty Claim

In its order denying plaintiff's Motion to Remand, the court concluded plaintiff's claim that Explorer intentionally injured him by failing to withhold state income taxes from the pension distribution was properly characterized as a claim for breach of fiduciary duty. [Dkt. #19 at 6-7]. Fiduciaries can be held liable for breaching any of the responsibilities, obligations or duties imposed on them by ERISA. 29 U.S.C. § 1109(a). And ERISA confers on participants the right to sue fiduciaries for breach of their obligations. 29 U.S.C. § 1132(a)(2). However, under 29 U.S.C. § 1113(2), an ERISA breach of fiduciary duty claim must be brought within "three years after the earliest date on which the plaintiff had actual knowledge of the breach." *See Russell v. Chase Inv. Servs. Corp.*, 2010 WL 2562681, at *2 (10th Cir., June 20, 2010) (citing *Wyo. Laborers Health & Wel. Pl. v. Morgen & Oswood*, 850 F.2d 613, 618 n.8 (10th Cir. 1988)).

Plaintiff's Verified Petition in Case No. 13-CV-568-GKF-TLW alleges the accumulated pension plan value was distributed in 2009 "under a garnishment order by the US Attorneys office in Tulsa, on behalf and to Explorer" and "[t]he amount distributed was $199,835.29 as shown on the Form 1099-R copy attached hereto as Exhibit 'A.'" [Dkt. #2, ¶7]. Further, plaintiff alleges "Explorer withheld Federal Income Tax but did not withhold any Oklahoma Income Tax." [*Id.*, ¶8]. A review of the Form 1099-R attached to the petition clearly shows that

7

no state tax was withheld. [Dkt. #2, Verified Petition, Ex. A]. Thus, when plaintiff received the 1099-R form documenting the pension plan distribution and withholdings from the distribution, he had "actual knowledge" of Explorer's alleged breach.

Under Treas. Reg. § 1.408-7(d)(2) (1977), the IRS requires a Form 1099 be mailed to the taxpayer by no later than January 31 of the year subsequent to the year in which the tax liability was incurred. As a result, by early February 2010, Meadows would have had actual knowledge that no Oklahoma income tax had been withheld from the retirement proceeds that were garnished in 2009. Plaintiff filed his Verified Petition in 13-CV-568-GKF-TLW on August 12, 2013—at least three years and six months after he received the Form 1099. Therefore, his breach of fiduciary duty claim is time-barred under 29 U.S.C. § 1113(2).

"[A] statute of limitations defense . . . may be appropriately resolved on a 12(b) motion 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Lee v. Rocky Mountain UFCW Unions and Employers Trust Pension Plan*, 1993 WL 482951, at *1 (10th Cir. Nov. 23, 1993) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). Further, "[w]hen the dates given in the complaint support dismissal on statute of limitations grounds, "the plaintiff has the burden of establishing a factual basis for tolling the statute." *Id.* (citing *Aldrich,* 627 F.2d at 1041 n.4). *See also Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, 931 F. Supp. 2d 1120, 1136 (D. Kan. 2013) (citing *Aldrich* and stating that "where dates in complaint make clear that claim is time-barred, plaintiff has burden to show facts to toll statute"). Plaintiff has pled no such facts.

Accordingly, plaintiff's breach of fiduciary duty claim in Case No. 13-CV-568-GKF-TLW is time-barred.

### III. Amended Petition for Writ of Mandamus in Case No. 13-CV-680-GKF-TLW

#### A. Allegations of the Amended Petition

Meadows' Amended Petition for Writ of Mandamus alleges Explorer provided a Defined Benefit Retirement Plan of which Meadows was a participant while he was employed by Explorer. [Case No. 13-CV-680-GKF-TLW, Dkt. #2 at 16, ¶1]. Benefits under the plan were paid to Explorer under a garnishment order in 2009, as payment toward a liability Meadows owes. [*Id.*, ¶2]. Explorer intentionally did not withhold Oklahoma Income Tax, as is required under state statute, so that the amount Explorer received would be maximized. [*Id.*, ¶3]. The refusal by Explorer to withhold Oklahoma income tax created a tax liability now in excess of $20,000 with interest and penalties added. [*Id.*, ¶4]. Meadows filed suit against Explorer in Tulsa County District Court but Explorer removed the action to the United States District Court for the Northern District of Oklahoma. [*Id.*, Dkt. #2 at 17, ¶5].

Meadows filed an Application for Settlement of Tax Liability with the OTC asking for settlement of the liability. [*Id.*, ¶6]. Subsequently, the OTC commenced collection activity against him, even though the application is still pending. [*Id.*, ¶7]. Meadows alleges, "This whole matter would have been avoided if Explorer had withheld the proper Oklahoma Income Tax from the retirement plan distribution in the first place as required." [*Id.*, ¶9].

Meadows asserts that Explorer had a duty to withhold Oklahoma income tax pursuant to OAC 710:90-1-13, but failed to do so. [*Id.*, ¶¶10-11]. He contends Explorer is liable for the failure to withhold the required sums, plus penalties and interest, under OAC 710:90-5-1 through 710:90-5-3. [*Id.*, ¶12].

Meadows requested a Letter of Determination from the OTC on July 16, 2013, regarding the applicability of the above OAC requirements to his tax situation. [*Id.*, ¶13]. As of the filing

9

of the Petition, the OTC had not responded to the request. [*Id.*]. The OTC has a statutory duty to enforce and collect taxes against all liable parties, but has not enforced any requirements against Explorer. [*Id.*, ¶14].

## B. Discussion

### 1. Claim Against OTC

Meadows seeks a Writ of Mandamus compelling the OTC to collect from Explorer the income tax he claims it should have withheld and remitted from the retirement plan distribution. [Dkt. #2 at 19]. He also seeks a temporary stay against the OTC from collection against him until the matter is settled. [*Id.*].

The OTC contends Meadows has failed to exhaust his administrative remedies; therefore the court lacks subject matter jurisdiction over his claim against it. Additionally, it asserts dismissal is appropriate because the Amended Petition fails to state a claim upon which relief may be granted.

#### a. Failure to Exhaust Administrative Remedies

A Rule 12(b)(1) motion may take the form of either a facial attack or a factual attack. *Muscogee (Creek) Nation v. Okla.Tax Comm'n*, 611 F.3d 1222, 1227, n.1 (10th Cir. 2010). "A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction," while a factual attack "goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction." *Id.* Where the motion is a facial challenge, the court applies the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion. *Id.* The OTC's motion is a facial attack challenging the court's jurisdiction.

Federal courts generally require parties to exhaust their administrative remedies before seeking judicial relief. *Massengale v. Okla. Bd. of Examiners in Optometry*, 30 F.3d 1325, 1328 (10th Cir. 1994) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 1086-88 (1992)).[1] Exhaustion of administrative remedies is not required, however, where (1) pursuing an administrative remedy would impair an individual's ability to later seek judicial review; (2) the administrative remedy is inadequate; or (3) the administrative body is shown to be biased or has otherwise predetermined the issue before it. *Id.* at 1328-29 (citations omitted).[2]

Absent one of these exceptions, "requiring exhaustion will best serve the purposes of protecting administrative agency authority and promoting judicial efficiency." *Id.* at 1330 (citing *McCarthy*, 503 U.S. at 145).

Under Oklahoma statutory law, a taxpayer may appeal a final order of the OTC assessing a tax or an additional tax or denial of a claim for refund directly to the Supreme Court of Oklahoma or may opt to file an appeal for a trial de novo in the district court of Oklahoma County or the county in which he resides. 68 Okla. Stat. § 225(A) and (D). Further, the statute provides:

> H. This section shall be construed to provide to the taxpayer a legal remedy by action at law in any case where a tax, or the method of collection or enforcement thereof, or any order, ruling, finding, or judgment of the Tax Commission is complained of, or is sought to be enjoined an any action in any court of this state or the United States of America.

68 Okla. Stat. § 225(H).

---

[1] In *Massengale*, the Tenth Circuit explained that the question of whether a plaintiff should be required to exhaust his state administrative remedies before being allowed into federal court "is not jurisdictional, but involves the exercise of judicial discretion." *Id.* at 1328 (citing *Rocky Mountain Oil & Gas Ass'n v. Watt*, 696 F.2d 734, 743 n.12 (10th Cir. 1982)).

[2] Likewise, under Oklahoma law, exhaustion of statutory administrative remedies is a jurisdictional prerequisite for resort to the courts. *Ledbetter v. Okla. Alcoholic Beverage Laws Enforcement Comm'n*, 764 P.2d 172, 180 (Okla. 1988).

Here, the allegations of the Amended Petition establish that Meadows has filed an Application for Settlement of Tax Liability with the Oklahoma Tax Commission. [Case No. 13-CV-680-GKF-TLW, Dkt. #2 at 17, ¶6]. According to the Amended Petition, the application was pending review at the time of filing, and in its response brief the OTC confirms the application is currently pending review. Claiming "[s]everal phone calls, and letters written to the [OTC] on this matter asking why the [OTC] is not enforcing the Statutes against Explorer, have been ignored and unanswered, " plaintiff contends he "has been left no other choice but to ask this court to order the Respondents to perform their lawful and equitable duties under State Statutes. . . ." [*Id.*, ¶¶8, 10].

However, Meadows' Amended Petition for Writ of Mandamus contravenes Oklahoma's legislatively mandated administrative procedure for protesting a tax, or the collection or enforcement thereof. 68 Okla. Stat. §§ 221, 225. The procedure requires a hearing before the Oklahoma Tax Commission (§ 221) and a direct appeal to the Oklahoma Supreme Court (§ 225). *See Blair v. State ex rel. Okla. Tax Comm'n*, 935 P.2d 1197, 1199-1200 (Okla. Civ. App. 1997). Therefore, dismissal for failure to exhaust administrative remedies is appropriate.

### b. Failure to State a Claim

The OTC, citing Oklahoma law, asserts Meadows has failed to state a claim upon which a writ of mandamus can be issued.[3] The court agrees the Amended Petition fails to state a cognizable claim for issuance of a writ of mandamus, first and foremost because the federal court lacks jurisdiction to enter an order compelling the OTC to abate collection actions against Meadows and/or collect the tax at issue from Explorer.

---

[3] The OTC contends plaintiff has failed to allege facts establishing either the elements required for issuance of a writ of mandamus under 12 Okla. Stat. § 1451, *et seq.*, or a right to abatement of tax liability under 68 Okla. Stat. § 219.1.

Under the federal Mandamus Act, district courts have original jurisdiction of "any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). However, "[n]o relief against state officials or state agencies is afforded by § 1361." *Amisub (PSL) v. State of Colo. DSS*, 879 F.2d 789, 790 (10th Cir. 1989). Thus, in *Adkins v. Sapien*, 2006 WL 1875382, at *1 (10th Cir. July 7, 2006), the court affirmed the district court's ruling that it lacked jurisdiction to issue a writ of mandamus prohibiting state prison officials from placing the plaintiff on "copy and mailing restrictions."

Likewise, this court lacks jurisdiction to order the OTC to abate tax collection efforts against plaintiff or to collect the tax at issue from Explorer.

### 2. Claim Against Explorer

Meadows asks the court to compel Explorer to pay the amount of taxes it has in its possession to the OTC "that it should have remitted" plus all interest and penalties assessed by the OTC. Plaintiff's Amended Petition for Writ of Mandamus against Explorer fails for three reasons.

First, based on the plain language of 28 U.S.C. § 1361, the court may only "compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." Thus, a mandamus action does not lie against a private corporation. *See Watts v. United States*, 1996 WL 149326, at *1 (D. Wyo. Jan. 19, 1996) (citing *Mueller v. Esselstrom*, 1995 U.S. Dist. LEXIS 4343, at *4 (D. Calif. March 13, 1995); *AFL-CIO v. Adams*, 447 F. Supp. 72, 75 (N.D. Ohio 1977); *Thomas v. DeVilbiss*, 408 F. Supp. 1357, 1359 (D. Ariz. 1973)).

Second, in the unlikely event a mandamus action may somehow be brought against a private corporation, mandamus will not lie when the party complaining has an adequate remedy

13

at law.  *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990).  In this case, plaintiff had a cognizable claim under ERISA for breach of fiduciary duty based on Explorer's failure to withhold state income taxes from the pension distribution, but the claim is now time-barred.  *See* 29 U.S.C. § 1113(2).   He may not use a writ of mandamus to revive the claim. *See Wilder v. Prokop*, 846 F.2d 613, 620-21, 626-27 (10th Cir. 1988) (federal employee plaintiff's failure to timely appeal adverse ruling by the Merit Systems Protection Board ("MSPB") did not serve as a basis for permitting him to pursue remedies outside those prescribed by federal laws and regulations governing rights of civil service workers).

Third, as discussed in Section II.C above, plaintiff has no cognizable claim against Explorer for liability under the Oklahoma Tax Code and its implementing regulations.

## IV. Conclusion

For the reasons set forth above, Explorer Pipeline's Motions to Dismiss [Case No. 13-CV-568-GKF-TLW, Dkt. #7; Case No. 13-CV-680-GKF-TLW, Dkt. #11] and the OTC's Motion to Dismiss [Case No. 13-CV-680-GKF-TLW, Dkt. #9] are granted.

ENTERED this 7th day of April, 2014.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT